IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LORETTA GAMBLE, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 2:21-cv-284-TFM-B |
| | : | |
| ALLSTATE INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the *Motion to Remand*. Doc. 9, filed July 22, 2021. Plaintiffs Loretta and Alonzo Gamble request the Court remand this matter to the Circuit Court of Dallas County, Alabama because the amount in controversy does not meet the Court's jurisdictional requirement. Having considered the motion, response to order to show cause, and relevant law, the Court finds the motion to remand is due to be **GRANTED**.

**I.      PROCEDURAL BACKGROUND**

This matter was originally filed by Plaintiffs Loretta and Alonzo Gamble (the "Gambles") in the Circuit Court of Dallas, Alabama on April 2, 2021. Doc. 1-1 at 2-10. In the Complaint, the Gambles bring claims of negligence, recklessness and wantonness, uninsured/underinsured motorist claim, bad faith, and outrage against Defendants Allstate Insurance Company ("Allstate") and fictitious defendants.[1]  *Id.*  On June 24, 2021, Allstate timely removed this matter to this Court

---

[1] "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (citing *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997)). However, "'[t]here may be times when, for one reason or another, the plaintiff is unwilling or unable to use a party's real name,'" and "'one may be able to describe an individual (e.g., the driver of an automobile) without stating his name precisely or correctly.'" *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992) (quoting *Bryant v. Ford Motor Co.*, 832 F.2d 1080, 1096 n.19 (9th Cir. 1978)). Further, as fictitious party pleading is

asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  Doc. 1.  On July 20, 2021, Allstate filed two motions: a Rule 12(b) Motion to Dismiss of Defendant AllState Property and Casualty Insurance Company and a Motion to Bifurcate and Stay Discovery.  Docs. 5, 6.

On July 22, 2021, the Gambles filed their instant Motion to Remand, for which the Court ordered Allstate to show cause why this matter should not be remanded to the state circuit court.  Docs. 9, 10.  Allstate timely filed its response to the Court's show cause order.  Docs. 7, 8.  The Motion to Remand is fully briefed and ripe for review, and the Court finds oral argument unnecessary.

## II.    STANDARD OF REVIEW

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress.  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S. Ct. 1712, 1720, 135 L. Ed. 2d 1 (1996).  However, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994).  The party removing this action, has the burden of establishing federal jurisdiction.  *See Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)).  Further, the federal removal statutes must be construed narrowly and doubts about removal must be resolved in favor of remand.  *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *Burns*, 31 F.3d at 1095 (citations omitted).

---

permitted in Alabama state court, the Court does not disturb the pleading until jurisdiction is resolved.

### III.   DISCUSSION AND ANALYSIS

The Gambles argue Allstate's Notice of Removal does not establish the amount in controversy exceeds the jurisdictional minimum because they concede, based on the facts that are currently known, the amount in controversy does not exceed $75,000.00 and they stipulate they do not seek damages in excess of that amount, exclusive of interest and costs . Doc. 9 at 2.  Further, in the Gambles' Complaint, they did not state a sum certain that they seek but did demand in writing the policy limit of $50,000.00, so they argue, if the Court determines the amount in controversy exceeds $75,000.00, it would be speculation. *Id.* at 2-3.  Finally, the Gambles argue one of the fictitious defendants, who they describe in their Complaint, could destroy complete diversity of citizenship. *Id.* at 3.

"Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount [of] $75,000." *Williams v. Best Buy Co.*, 269 F3d. 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)).  "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008) (citing *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1332 (11th Cir. 1998)); *see also Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n.6, 127 S. Ct. 1397, 1409 n.6, 167 L. Ed. 2d (2007) ("It is true that, when a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction."); *Poore v. Am.-Amicable Life Ins. Co. of Tex.*, 218 F.3d 1287, 1290-91 (11th Cir. 2000) ("events occurring after removal . . . do not oust the district court's jurisdiction.").

As to the whether the amount in controversy exceeds the Court's jurisdictional minimum, the Gambles' Complaint does not state a specific monetary demand for compensatory and punitive

damages. Doc. 1-1 at 3-10. Where a plaintiff does not state a specific monetary demand, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams*, 269 F.3d at 1319. "A removing defendant may rely on its own affidavits, declarations, or other documentation to establish the amount in controversy." *McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1241 (11th Cir. 2013) (per curiam) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010)).

To prove the amount in controversy, Allstate argues the Gambles' maximum amount of coverage that is available under their insurance policy is $50,000.00 and they have brought claims of bad faith and outrage, and demand punitive damages. Doc. 11.

"In determining the proper amount in controversy, it is the value of the underlying claim and not the face amount of the policy limit that controls." *Lowe v. State Farm Fire & Cas. Co.*, Civ. Act. No. 3:15-cv-988-WKW-PWG, 2016 U.S. Dist. LEXIS 27182, at *16, 2016 WL 818658, at *6 (M.D. Ala Feb. 16, 2016) (citing *Stubbs v. State Farm & Cas. Co.*, Civ. Act. No. 2:12-CV-2186-SLB, 2013 U.S. Dist. LEXIS 32153, 2013 WL 980313, at *4-5 (N.D. Ala. Mar. 8, 2013)). Further, as to the Gambles' claims of bad faith and outrage, "because the violation of the duty of good faith and fair dealing is tortious in nature, punitive damages as well as compensatory damages are recoverable in the proper case." *Gulf Atl. Life Ins. Co. v. Barnes*, 405 So. 2d 916, 925 (Ala. 1981). Punitive damages claims are used to calculate the amount in controversy for jurisdictional purposes. *See Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 927 (11th Cir. 2019) (quoting *Dudley v. Eli Lily & Co.*, 778 F.3d 909, 913 (11th Cir. 2014) ("[T]he pertinent issue is not how much the plaintiffs are likely to ultimately recover, 'it is an estimate of the amount that will be put at issue in the course of the litigation.'"); *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014) (per curiam) (citing *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830

(7th Cir. 2011)) (emphasis in original) ("Fifth Third need only prove the jurisdictional facts necessary to establish that punitive damages in an amount necessary to reach the jurisdictional minimum are at issue-that is, that such damages *could* be awarded.").[2]  Indeed, a punitive damages award, in this case, can be up to three (3) times the compensatory damages that are awarded or $500,000, whichever is greater.  *See* ALA. CODE § 6-11-21 ("[I]n all civil actions where an entitlement to punitive damages shall have been established under applicable laws, no award of punitive damages shall exceed three times the compensatory damages of the party claiming punitive damages or five hundred thousand dollars ($500,000), whichever is greater.").

The Gambles' claim for damages is predicated on a motor vehicle accident that occurred while they were parked in a parking lot.  Doc. 1-1 at 4.  The Gambles claim, as a result of the accident, they suffered serious bodily injuries; other physical injuries; loss of enjoyment of life; medical bills and other financial losses; past, present, and future pain and suffering; and past, present, and future mental anguish and emotional distress.  *Id.* at 5.  However, the Gambles do not go into further detail as to the injuries they sustained from the accident and Allstate does not provide evidence of their injuries for the Court to deduce compensatory damages, other than the Gambles' demand letter for policy limits.  Doc. 1-3 at 2.  The Gambles' policy limits for uninsured motorists is $25,000.00 per person and $50,000.00 for each accident, thus the maximum amount of coverage available under the policy is $50,000.00.  Doc. 1-2 at 11.

To determine the amount in controversy, the Court is permitted:

---

[2] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (effective Dec. 1, 2014); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

> [T]o make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a complaint is removable. Put simply, a district court need not suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount. Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

*Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (internal quotation marks and citations omitted). However, "without facts or specific allegations, the amount in controversy" can be determined "only through speculation-and that is impermissible." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753-54 (11th Cir. 2010) (citing *Lower v. Ala. Power Co.*, 483 F.3d 1184, 1209 (11th Cir. 2007)).

In this case, the Court is unable to reasonably determine, and Allstate has failed to prove by a preponderance of the evidence, the amount in controversy exceeds the jurisdictional minimum. The Gambles' demand letter for $50,000.00 was an offer to settle all of their claims against Allstate for that amount, both compensatory and punitive, so Allstate's argument that the amount in controversy includes the Gambles' demand of $50,000.00, plus punitive damages, does not convince the Court. With the limited information that is before the Court, it is unable to determine an amount in controversy for compensatory damages, and further, while Alabama law allows for punitive damages that could far exceed the Court's jurisdictional minimum, such a figure is far too speculative without facts to support it.

The Court also finds Allstate's removal borders on disingenuous. In Allstate's own removal, it provides only a demand letter that clearly does not evidence the jurisdictional threshold has been met and then invites the Gambles to "file a pleading confirming that [they] will never attempt to recover in excess of $75,000.00 from Allstate in this action [and] Allstate will consent to Plaintiffs' Motion to Remand." Doc. 1 ¶ 22. It is not the plaintiff's burden to establish the

amount in controversy. The Court cautions Allstate its removals must be made in good faith and a notice of removal like the one before the Court is a waste of judicial resources.

Since the Court finds the amount in controversy does not exceed the jurisdictional minimum, it does not address the Gambles' argument that one of the fictitious defendants, who they describe in their Complaint, could destroy complete diversity of citizenship.

### IV.   CONCLUSION

Accordingly, based on the foregoing analysis, Plaintiffs Loretta and Alonzo Gamble's Motion to Remand (Doc. 9) is **GRANTED** and this matter is **REMANDED** to the Circuit Court of Dallas County, Alabama.

**DONE** and **ORDERED** this 5th day of October 2021.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE